UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| IFFAT ARA IVANA and SHARVEE MIA, <br><br> Plaintiff, <br><br> -vs- <br><br> MAZDA FINANCIAL SERVICES, <br><br> Defendant. | CASE NO. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, IFFAT ARA IVANA (hereinafter "Mrs. Ivana") and SHARVEE MIA (hereinafter "Mr. Mia") (hereinafter "Plaintiffs"), by and through their undersigned counsel, for their cause of action against Defendant, MAZDA FINANCIAL SERVICES (hereinafter "Mazda"), and in support thereof respectively allege violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, compensatory damages, punitive damages, costs, and attorney's fees brought pursuant to the FDCPA.

2. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCCPA.

## JURISDICTION, VENUE, AND PARTIES

3. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the FDCPA.

4. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, which provides that district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States, and this action involves violation of the FDCPA.

5. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

6. Venue is proper in this District as Plaintiffs are natural persons and residents of Palm Beach County, Florida; a substantial portion of the violations described in this Complaint occurred in this District; and Mazda transacts business within this District.

7. Mrs. Ivana is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Mr. Mia is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Mazda is a corporation headquartered at 6400 Main Street, Suite 200 in Amherst, New York 14221 that upon information and belief conducts business in the State of Florida.

10. Mazda is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, Mazda is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. In or about November 2020, Plaintiffs visited their local Mazda Authorized Dealer, Southern Palms Mazda, and executed a 36-month lease agreement for a 2020 Mazda M6G Tourin.

12. Throughout the lease's duration until its conclusion in August 2023, Plaintiffs made timely payments.

13. On or about March 7, 2023, Southern Palms Mazda notified Plaintiffs that five (5) payments remained on their lease.

14. On or about July 20, 2023, the final payment in the amount of $268.51 was deducted from Plaintiffs' joint Wells Fargo account.

15. On or about August 5, 2023, Plaintiffs returned the leased 2020 Mazda M6G Tourin to Southern Palms Mazda. At that time, Plaintiffs spoke to representative, Morgan, who confirmed with a supervisor/manager that there were no outstanding debts and no further payments required.

16. Approximately three (3) months later, in or about November 2023, Plaintiffs started to receive collection calls from Mazda regarding two (2) past due payments.

17. Although Plaintiffs advised Mazda that the leased vehicle had been returned in August 2023, Mazda continued to call Plaintiffs to collect payment.

18. On or about November 24, 2023, Plaintiffs received a collection letter which claimed a total amount due of $17,653.40, which included repossession and redemption fees, storage charges, sales tax, miscellaneous costs, and an outstanding balance of $17,004.10.

19. In or about December 2023, Plaintiffs visited Southern Palms Mazda and spoke with the account manager, Phil, regarding the issue who confirmed the vehicle had been returned.

20. In or about January 2024, Plaintiffs reviewed their credit reports and observed Mazda was reporting partial account number 50006**** with a status of 60 days past due and a balance of $2,353 (hereinafter "Mazda Account").

21. On or about January 18, 2024, Plaintiff reported the Mazda Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240118-13041686.

22. In the CFPB report, Plaintiffs detailed the fact that the Mazda Account was reported as past due with an outstanding balance, and Plaintiffs requested an investigation.

23. On or about January 23, 2024, Plaintiffs finally received a letter acknowledging the return of the 2020 Mazda M6G Tourin to Southern Palms Mazda on August 5, 2023.

24. Mazda was attempting to collect from Plaintiffs a debt that was previously paid in full.

25. Mazda was attempting to collect a debt that was illegitimate.

26. Due to the actions and/or inaction of Mazda, Plaintiffs suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1692f(1) as to
### Defendant, Mazda Financial Services

27. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

28. Mazda has repeatedly attempted to collect a debt from Plaintiffs that it knew or had reason to know was illegitimate.

29. Mazda violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

30. Mazda had all the information it needed to determine that the debt was paid in full, yet repeatedly attempted to collect that debt regardless.

31. As a result of the conduct, action, and inaction of Mazda, Plaintiffs suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiffs are in fear that the collection letters Mazda has sent will harm their credit reputation.

32. Plaintiffs are entitled to recover actual, statutory, compensatory, and punitive damages from Mazda pursuant to the FDCPA.

33. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Mazda in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiffs, IFFAT ARA IVANA and SHARVEE MIA, respectfully request that this Court award actual, statutory, compensatory, and punitive damages against Defendant, MAZDA FINANCIAL SERVICES, jointly and severally; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## COUNT II
**Violation of Florida Statues § 559.72 (9) as to Defendant, Mazda Financial Services**

34. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

35. Mazda violated Florida Statues § 559.72 (9) by attempting to collect a debt it knew or had reason to know was not legitimate.

36. Mazda had all the information it needed to determine that the debt was paid in full by Plaintiffs yet called Plaintiffs and mailed collection notices stating that they owed money for a debt that had been paid in full since August 2023.

37. As a result of the conduct, action, and inaction of Mazda, Plaintiffs suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiffs are in fear that the collection letters Mazda has sent will harm their credit reputation.

38. Plaintiffs are entitled to recover actual, statutory, compensatory, and punitive damages from Mazda pursuant to the FCCPA.

39. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Mazda in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiffs, IFFAT ARA IVANA and SHARVEE MIA, respectfully request that this Court award actual, statutory, compensatory, and punitive damages against Defendant, MAZDA FINANCIAL SERVICES, jointly and severally; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, IFFAT ARA IVANA and SHARVEE MIA, respectfully demand judgment for actual, statutory, compensatory, and punitive damages against Defendant, MAZDA FINANCIAL SERVICES, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the legal rate; and such other relief the Court deems just and proper.

DATED this 19th day of April 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672

Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiffs*